UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES EDWARD JONES, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICES, )<br>COMMISSIONER, et al. )<br>)<br>Defendants. )<br>) | Civil Action No. 11-cv- 603 (RLW) |

## MEMORANDUM OPINION

Plaintiff has moved for leave to conduct discovery in this case. Defendants have opposed that motion. The motion will be denied as moot; because Plaintiff is proceeding pro se and is incarcerated, he does not need leave of Court to engage in discovery. However, considering Defendants' opposition to Plaintiff's motion, the Court will issue a protective order staying discovery during the pendency of Defendants' dispositive motion.

**I.      Plaintiff Does Not Need Leave of Court to Engage in Discovery in This Case.**

Plaintiff is proceeding pro se and is incarcerated in the District of Columbia jail. He has moved for leave to engage in discovery of information concerning Plaintiff's tax liability, which was adjudicated by the U.S. Tax Court and which resulted in the alleged overpayment that is the subject of this case, as well as information concerning any refund of that overpayment to Plaintiff. Pl.'s Mot. for Discovery, at 2, ECF No. 13. Ordinarily, discovery may not begin until the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). But parties to "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" are exempt from the Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(B)(iv),

1

(f)(1). In such cases, then, there is no prohibition on the immediate availability of discovery upon the commencement of the case. *See, e.g.*, *Sigers v. Bailey*, No. 08-13298, 2009 WL 1585831, at *1 (E.D. Mich. June 4, 2009) ("[I]n a prisoner case, the parties are generally able to seek discovery before a scheduling conference."). This is such a case. Therefore, Plaintiff does not need leave of Court to engage in the discovery in this case. Plaintiff's motion will therefore be denied as moot. However, the Court will also issue a protective order staying discovery.

## II.     The Court Will Issue a Protective Order Staying Discovery.

According to the Advisory Committee notes on the 2000 amendments to Rule 26, pro se, incarcerated parties were exempted from some of the provisions of Rule 26 because "there is likely to be little or no discovery" in such cases. Notes of Advisory Committee on 2000 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 26 (discussing the addition of subdivision (a)(1)(E) to Rule 26, which is now found in subdivision (a)(1)(B)). Therefore, although the exemption of pro se, incarcerated plaintiffs from the Rule 26(f) conference textually opens the door to immediate discovery, the same exemption reflects the policy that immediate discovery is likely neither appropriate nor necessary.

Defendants have filed a dispositive motion that is currently pending. *See* U.S.' Mot. to Dismiss, ECF No. 15. "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. U.S. Att'ys Office*, No. 91-cv-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (citing *Brennan v. Local Union No. 639, Int'l Brotherhood of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974)); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive

motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation marks removed).

"The court may, for good cause, issue an order to protect a party or person from," *inter alia*, "annoyance . . . or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Although Defendants have not specifically requested a protective order, the Court considers their opposition to Plaintiff's motion as justification for the issuance of such an order. *See* U.S. Opp'n to Pl.'s Mot. for Discovery, ECF No. 16. Because discovery is generally not appropriate when a dispositive motion is pending, and because Plaintiff has not shown why discovery would be appropriate at this early stage of the litigation, the Court will enter a protective order staying discovery during the pendency of Defendants' dispositive motion.

## III. Conclusion.

For the reasons discussed above, the Court will deny Plaintiff's motion for discovery as moot, but will also enter a protective order staying discovery during the pendency of Defendant's dispositive motion. A separate Order consistent with this Memorandum Opinion will issue this date.

**The Clerk of the Court is hereby directed to mail a copy of this order to the Plaintiff:**

> **CHARLES EDWARD JONES, JR.**
> **DCDC 202-671**
> **DC JAIL**
> **1901 D Street, SE**
> **Washington, DC 20003**

**SO ORDERED** this 24th day of June, 2011.

ROBERT L. WIKLINS<br>
United States District Judge